IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ADELEKE A. OLUMUYIWA, ) | |
|           Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 3:11-CV-2028-M (BF) |
| ) | |
| THE CITY OF DALLAS, ) | |
|           Defendant. ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

The District Court referred this case to United States Magistrate Judge Paul D. Stickney for pretrial management. Before the Court for recommendation is the September 23, 2011 Motion to Dismiss Pursuant to FED. R. CIV. P. 12(b)(6) ("Motion," doc. 9) of Defendant the City of Dallas. Plaintiff Adeleke A. Olumuyiwa ("Plaintiff") filed a response to the Motion, and Defendant filed a reply. Plaintiff requested leave to file a surreply that was attached to his motion for leave. The Court granted Plaintiff leave and has considered the surreply, along with the Complaint, Defendant's Motion, Plaintiff's response, and Defendant's reply.

Defendant seeks dismissal because, even if the Court considers the additional allegations set forth in Plaintiff's attachments to the pleadings, Plaintiff fails to state a cause of action that is plausible.

**Motion to Dismiss**

FED. R. CIV. P. 8(a)(2) provides that "[a] pleading that states a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief." According to the United States Supreme Court, Rule 8(a)(2) requires that a pleading has "facial plausibility." *Ashcroft v. Iqbal*, --- U.S. ----, ----, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court must be able to draw the reasonable inference from

the pleading that the defendant is liable for the misconduct alleged. *Id*. (citing *Twombly*, 550 U.S. at 556). A defendant may seek a Rule 12(b)(6) dismissal if a pleading fails to establish facial plausibility. *See* FED. R. CIV. P. 12(b)(6); *id*. at n3.

Although a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions; a formulaic recitation of the elements of a cause of action is not sufficient. *Twombly*, 127 S.Ct. at 1964-65. Factual allegations, taken as true, must be sufficient to raise a right to relief above the speculative level. *Id.* In deciding a motion to dismiss, the Court does not evaluate a plaintiff's likelihood of success; the Court only determines whether a plaintiff has stated a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004).

In *Iqbal,* The Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion. *See Iqbal*, 129 S. Ct. at 1951. First, the Court identifies conclusory allegations and proceeds to disregard them because they are "not entitled to the assumption of truth." *Id*. Secondly, the Court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Id*. This standard "simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence" of" the necessary claims or elements. *Twombly*, 127 S.Ct. at 1965. This evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal,* 129 S.Ct. at 1950.

In determining whether to grant a motion to dismiss, a district court may generally not "go outside the complaint." *Scanlan v. Tex. A & M Univ.,* 343 F.3d 533, 536 (5th Cir. 2003). When

2

ruling on a motion to dismiss a *pro se* complaint, however, a district court is "required to look beyond the [plaintiff's] formal complaint and to consider as amendments to the complaint those materials subsequently filed." *Howard v. King,* 707 F.2d 215, 220 (5th Cir. 1983); *Clark v. Huntleigh Corp.,* 119 F. App'x 666, 667 (5th Cir.2005) (finding that because of plaintiff's *pro se* status, "precedent compels us to examine all of his complaint, including the attachments"); FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice.").

### **Plaintiff's Allegations**

Courts will give a plaintiff the opportunity to amend a complaint if the deficiencies in the Complaint may be overcome; however, in this case, Plaintiff has had several opportunities to point out his best case including his Complaint, the evidence attached to the Complaint, his response, and his surreply. Plaintiff has attached evidence to his Complaint, has filed a response, and has filed a surreply referencing the attachments. Plaintiff has explained in detail how he believes the attachments to his Complaint demonstrate discrimination and has indicated in his responses that he has stated his best case.

Plaintiff alleges that the City of Dallas refused to hire him for a parking enforcement position based on racial or national origin discrimination, age discrimination, discrimination based on disability, and retaliation. Plaintiff makes the conclusory allegation that "[t]he White Manager relied on his supervisor's discriminatory motivated intent, conspiracy, anumis [sic], alleged association and relation with White racial people, alleged non-support and non-association with people of Mexican national origin over landed properties . . . ." He alleges that "[t]he supervisor's [sic] are African American and Mexicans." Taking Plaintiff's factual allegations as true, the Court can infer that Plaintiff applied for a position with the City, believing he was the best qualified

3

candidate for the position; however, he was not selected for the position. According to Plaintiff, the Manager was Caucasian and the Manager's supervisors were African Americans and Mexicans. However, these facts do not yield any inference that Plaintiff was not hired because of his race or national origin. Plaintiff also relies upon the fact that he continued to contact the City after he was not hired for any of the positions for which he applied, and the fact that the City eventually requested that he discontinue contacting the City. Plaintiff pleads no facts from which a reasonable person could infer that the decisions not to hire him were based upon discrimination against him based upon his race or national origin. His actions and those of the City after he was not hired do not show his race or national origin were factors in the decision not to hire him.

With respect to age discrimination, Plaintiff also makes conclusory allegations, such as: "The White Manager hired less qualified and younger applicants whose ages are in the 20's," and "The White Manager treated me differently among similar situated applicants because another older White applicant, age 40 plus [sic] (sentence incomplete)." Plaintiff relies upon an e-mail from the manager indicating they were looking for "individuals we feel will meet our future needs" and "reviewing prospects." These statements do not yield a reasonable inference of age discrimination. The facts with respect to events that occurred after the hiring decisions were made are not relevant with respect to his claim of age discrimination.

With respect to disability discrimination, Plaintiff makes the conclusory allegation that "I further believe I have been discriminated against because of my disability, in violation of the Americans with Disabilities Act of 1990, as amended." Further, he alleges discrimination based upon "alleged mental illness" and "suspected mental and behavioral problems." Plaintiff cites no facts that would support a conclusion that (1) he has a disability; (2) he was qualified for the job in

4

question; and (3) a decision not to hire him was made because of his disability. Again, events that happened after the hiring decisions were made are not relevant.

With respect to retaliation, Plaintiff again makes the conclusory allegation that the City failed to hire him in retaliation for his having filed previous charges of discrimination. Plaintiff cites no facts from which a reasonable person could infer a causal connection between any protected activity and the City's failure to hire him.

## **Conclusion**

Plaintiff has relied upon the fact that he applied for positions with the City of Dallas for which he was not hired and upon the races of the decision-makers. He has concluded that because he personally felt he was the best qualified candidate for these jobs, the City could only have failed to hire him because of racial or national origin discrimination, age discrimination, disability discrimination, or retaliation. The Court has examined all of Plaintiff's pleadings and attachments and finds no relevant facts from which a reasonable person could infer support for Plaintiff's conclusory claims. Accordingly, Defendant's Motion to Dismiss should be granted.

## **Recommendation**

The Court recommends that the District Court grant Defendant's Motion to Dismiss (doc. 9) and dismiss this case with prejudice.

**SO RECOMMENDED**, December 29, 2011.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).